IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

RICHARD GARCIA, III,            §
TDCJ-CID #933164,               §
          Petitioner,      §
                          §
v.                              §      C.A. NO. C-06-187
                          §
NATHANIEL QUARTERMAN,           §
DIRECTOR, TDCJ-CID,             §
          Respondent.      §

## MEMORANDUM AND RECOMMENDATION
## TO GRANT RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

Petitioner is an inmate in the Texas Department of Criminal Justice,

Correctional Institutions Division ("TDCJ-CID"), and is currently incarcerated at

the Coffield Unit in Tennessee Colony, Texas.  Proceeding pro se, petitioner filed

this petition for writ of habeas corpus on April 26, 2006.  (D.E. 1).  On January 18,

2007, respondent filed a motion for summary judgment arguing that petitioner's

petition is time barred and that petitioner's claims are both procedurally defaulted

and meritless.  (D.E. 21).  For the reasons stated herein, it is respectfully

recommended that respondent's motion be granted.

## I. JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to

28 U.S.C. § 2254, which provides that jurisdiction is proper where the inmate is

confined, or where the conviction was obtained.  Wadsworth v. Johnson, 235 F.3d 959, 961-62 (5th Cir. 2000).  Petitioner was convicted by the 347th Judicial District Court in Nueces County, Texas, and therefore, jurisdiction is proper in this Court.

## II.  BACKGROUND

### A.   Procedural Background.

Respondent has lawful custody of petitioner pursuant to a judgment of the 347th Judicial District Court of Nueces County, Texas, in cause number 99-CR-1596H(S1), styled The State of Texas v. Richard Garcia III.  Ex parte Garcia, App. No. WR-59,629-01, at 53.  On June 29, 2000, a jury found petitioner guilty of burglary of a habitation.  Id.  He elected to have punishment assessed by the court. Id.  He pleaded true to two prior convictions, and as part of a plea agreement was sentenced to thirty-five years in the TDCJ-CID.  Id.  As part of the agreement, petitioner waived his right to appeal.  Id. at 48.

Despite this agreement, petitioner filed an appeal with the Thirteenth Court of Appeals of Texas.  Garcia v. State, 13-00-493-CR, slip op. (Tex. App. 2003). On March 13, 2003, the appellate court found petitioner's waiver of his right to appeal to be valid and dismissed his appeal.  Id. at 2-3.  He then filed a Petition for Discretionary Review with the Texas Court of Criminal Appeals, which was

denied on October 3, 2003.  Garcia v. State, PD-0572-03 (Tex. Crim. App. 2003).

On November 24, 2003, petitioner filed his first state application for habeas corpus relief.  Ex parte Garcia, App. No. WR-59,629-01, at 2-14.  In his application, he claimed that the waiver of appeal that he signed was not valid.  Id. The Texas Court of Criminal Appeals denied his application without written order on the findings of the trial court on October 6, 2004.  Id. at cover.  On December 6, 2004, petitioner filed a second state application for habeas corpus relief.  Ex parte Garcia, App. No. WR-59,629-02, at 2-24.  In his second application, he sought habeas corpus relief due to ineffective assistance of counsel, denial of due process by the trial court, and prosecutorial misconduct.  Id.  On February 16, 2005, the Texas Court of Criminal Appeals dismissed his second application as an abuse of the writ pursuant to Texas Code of Criminal Procedure article 11.07.  Id. at cover. On April 26, 2006, petitioner filed this petition for federal relief.  (D.E. 1).

**B.    Factual Background.**

At trial, it was established that on June 1, 1999, petitioner and an accomplice, Joe Deluna, burglarized a home in Corpus Christi, Texas.  State of Texas v. Garcia, 99-CR-1596H(S1), Reporter's Record, Volume 3, at 211-28.[1]

---

[1] The Reporter's Record will be designated as "R.R." with the volume number preceding the designation, and the page number following the designation.

Deluna, who received probation for the offense, testified against petitioner at the

trial.  2 R.R. 125-56.  After the jury returned a guilty verdict, he elected to have the

judge assess punishment.  4 R.R. 377; Ex parte Garcia, App. No. WR-59,629-01, at

53.  The judge addressed petitioner prior to sentencing, giving him the chance to

negotiate an agreement with the State:

> THE COURT:  Mr. Garcia, I listened to the
> evidence and I believe that you're guilty.  When I asked
> you if you knew exactly what the deal was that they were
> offering you, I knew nothing about your case.  I knew
> nothing.
>
> I agree with the finding of the jury.  The jury had
> no other choice but to find you guilty.  When you take a
> chance of not pleading guilty – the only one who knows
> for sure that you're guilty is you.  If you didn't do it, then
> you didn't do it.  The only one who really knows is you.
> Nobody in this room was there.  I've seen men like you
> tell all kinds of things to their mothers and their family
> and stuff.  And they're all lies.  So I don't accept stories
> as easy as your mother or your wife would accept or
> somebody else because I've been on the bench for 19
> years.  I've heard everything.  I've heard people lie to me
> left and right.
>
> But when you take a chance like that, Mr. Garcia,
> you also take a chance that you'll get the maximum.
> Right now, you're looking at life in the penitentiary.
> And let me tall [sic] you this:  I talked to the jury and the
> jury would not have been very good to you.  The jury
> would have thrown the book at you.  So why should I be
> any different?
>
> ***
>
> Let me tell you this, Mr. Garcia.  I don't know if

4

your attorney has discussed this with you but you can
still plea bargain.  Not for under 25 but you can plea
bargain for a plea of not appealing.  Do you understand
you can still cost the State and County a lot of money, or
you can say, you know what, I'll enter an agreement for
the State.  If I don't plea, how much will they
recommend?  And it will be over 25 but you still have
that choice.

 You want to take a chance of pleaing life [sic] or
not pleaing something that's lower than that?  I'll give
you that choice.  Do you understand what I'm saying?

 Your attorney and the attorney for the State can get
together and work out a deal where the State
recommends a certain amount of years that the Court will
consider.  It will be over 25.  It will be something that
you can live with.  And your agreement will be, I will not
appeal.

 We'll take a recess.  I'll let you all talk.  Let your
attorney talk to the State and see what they can come up
with.  But that's still available, too.  It's another chance.
You're looking at life in the penitentiary right now, Mr.
Garcia.

4 R.R. 390-91.  Petitioner and his counsel negotiated a thirty-five year sentence in

exchange for petitioner's agreement not to appeal his conviction.  Id. at 392.

However, petitioner now claims that he was coerced into making an invalid

agreement, and that his counsel did not adequately represent his interests.  (D.E. 1).

### III.  PETITIONER'S ALLEGATIONS

Petitioner raises the following claims in his petition for habeas corpus relief:

(1) Petitioner claims that the trial judge unduly coerced him into waiving

  his right to appeal, (D.E. 2, at 13);

5

(2)     Petitioner claims that he received ineffective assistance of trial

counsel because

    (a)     counsel failed to request an "accomplice instruction" regarding

        Deluna's testimony, id. at 7;

    (b)     counsel failed to object to prosecutorial misconduct, id.;

    (c)     counsel failed to keep petitioner from waiving his right to

        appeal, id.; and

(3)     Petitioner claims that there was prosecutorial misconduct during the

prosecutor's closing argument, id. at 12.

## IV.  EXHAUSTION OF STATE REMEDIES

Petitioner is seeking habeas relief pursuant to § 2254, and therefore, was

required to exhaust all of his claims in state court before requesting federal

collateral relief.  28 U.S.C. § 2254(b)(1); Fisher v. Texas, 169 F.3d 295, 302 (5th

Cir. 1999) (citation omitted).  The exhaustion requirement is satisfied when the

substance of the federal habeas claim has been fairly presented to the highest court

of the state.  See O'Sullivan v. Boerckel, 526 U.S. 838, 842-48 (1999); Fisher, 169

F.3d at 302.

Where a petitioner "fails to exhaust available state remedies and 'the court to

which petitioner would be required to present his claims in order to meet the

6

exhaustion requirement would now find the claims procedurally barred,'" then the claims are procedurally defaulted.  <u>Nobles v. Johnson</u>, 127 F.3d 409, 420 (5th Cir. 1997) (quoting <u>Coleman v. Thompson</u>, 501 U.S. 722, 735 n.1 (1991)).  Federal habeas corpus relief may only be granted on procedurally defaulted claims if a petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."  <u>Moawad v. Anderson</u>, 143 F.3d 942, 947 (5th Cir. 1998) (citation omitted).  Notwithstanding a petitioner's failure to exhaust state remedies, an application for a writ of habeas corpus may be denied on the merits.  28 U.S.C. § 2254(b)(2).

Petitioner presented only his first claim, that the waiver of appeal was invalid, in his first application for state habeas relief.  <u>See</u> <u>Ex parte Garcia</u>, App. No. WR-59,629-01, at 2-14.  In his second application for state habeas relief, he raised the rest of the claims that he now pursues by this petition.  <u>See</u> <u>Ex parte Garcia</u>, App. No. WR-59,629-02, at 2-24.  The Texas Court of Criminal Appeals dismissed his second state application for habeas relief pursuant to Texas Code of Criminal Procedure article 11.07 § 4:

> Sec. 4.  (a) if a subsequent application for writ of habeas corpus is filed after final disposition of an initial application challenging the same conviction, a court may not consider the merits of or grant relief based on the

subsequent application unless the application contains
sufficient specific facts establishing that:
(1)  the current claims and issues have not been
and could not have been presented previously ...; or
(2)  by a preponderance of the evidence, but for a
violation of the United States Constitution no rational
juror could have found the applicant guilty beyond a
reasonable doubt.

(Vernon supp. 2004).  Petitioner "'has defaulted his federal claims in state court

pursuant to an independent and adequate state procedural rule,'" and thus in order

to have his claims considered by this Court, he must demonstrate cause for the

default and actual prejudice, or a fundamental miscarriage of justice.  <u>Moawad</u>, 143

F.3d at 947 (citation omitted).  He has shown no reason why he did not raise the

majority of his claims in his first state application for habeas relief.  He has also

presented no allegations or facts which indicate a fundamental miscarriage of

justice.

It is respectfully recommended that petitioner has shown no cause for the

default of his ineffective assistance of counsel and prosecutorial misconduct

claims, and therefore, is not entitled to relief on these grounds.

## V.  STATUTE OF LIMITATIONS

### A.    Statute of Limitations Pursuant to AEDPA.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")

provides a one-year statute of limitations for state prisoners to challenge a

conviction by the filing of a federal petition for habeas corpus relief.  Prieto v.

Quarterman, 456 F.3d 511, 514 (5th Cir. 2006) (citing 28 U.S.C. § 2241(d)).  A

petitioner has one year from the date his conviction becomes final to file his federal

petition for habeas relief.  Id.  A properly filed state application for post-conviction

relief tolls the AEDPA period of limitations for the entire time the state application

is pending.  Id.  A state application for post-conviction relief is pending "until the

application has achieved final resolution through the State's post-conviction

procedures."  Carey v. Saffold, 536 U.S. 214, 220 (2002).  While a state

application for post-conviction relief generally tolls the AEDPA limitations period,

a state application for habeas relief that is not filed within the federal limitations

period does not toll the limitation period under § 2244(d)(2).  Scott v. Johnson, 227

F.3d 260, 263 (5th Cir. 2000).

Under "rare and exceptional circumstances," equitable tolling may also

apply pursuant to AEDPA.  In re Wilson, 442 F.2d 872, 875 (5th Cir. 2006) (per

curiam) (quoting Fierro v. Cockrell, 294 F.3d 674, 682 (5th Cir. 2002)).  Equitable

tolling may only apply "'where it is necessary to preserve a plaintiff's claims when

strict application of the statute of limitations would be inequitable.'"  Id. (quoting

Fierro, 294 F.3d at 682).  Petitioner's failure to comply with AEDPA's statute of

limitations must result from "an extraordinary factor beyond the plaintiff's control"

that prevents filing on time.  <u>Felder v. Johnson</u>, 204 F.3d 168, 174 (5th Cir. 2000).

Ignorance of the law is insufficient to warrant equitable tolling, even for a <u>pro se</u>

petitioner.  <u>See</u> <u>Cousin v. Lensing</u>, 310 F.3d 843, 848-49 (5th Cir. 2002); <u>see also</u>

<u>Fisher v. Johnson</u>, 174 F.3d 710, 714 (5th Cir. 1999).  Furthermore, the Fifth

Circuit has held that attorney error does not constitute a "rare and exceptional

circumstance" that warrants equitable tolling.  <u>Cousin</u>, 310 F.3d at 848-49.

**B.      Petitioner Has Not Shown He is Entitled to Tolling of the Limitations Period.**

Petitioner claims that he is entitled to tolling of AEDPA's limitations period

because he did not receive timely notice that the Texas Court of Criminal Appeals

had denied his second state application for habeas relief.  (D.E. 25, at 2).

Petitioner's conviction became final ninety days after the Texas Court of Criminal

Appeals denied his petition for discretionary review.  <u>See</u> <u>Foreman v. Dretke</u>, 383

F.3d 336, 340 (5th Cir. 2004).  However, before ninety days had passed, petitioner

filed his first state application for habeas relief on November 24, 2003.  <u>Ex parte</u>

<u>Garcia</u>, App. No. WR-59,629-01, at 2-14.  On October 6, 2004, the Texas Court of

Criminal Appeals denied his application.  <u>Id.</u> at cover.  Petitioner then filed a

second state application for habeas relief sixty days later on December 6, 2004.  <u>Ex</u>

<u>parte Garcia</u>, App. No. WR-59,629-02, at 2-24.  Even though his second

application contained claims that were procedurally barred, its filing still tolled the

10

AEDPA limitations period.  See Foreman, 383 F.3d at 340 (citing Artuz v. Bennett,

531 U.S. 4 (2000)).  On February 16, 2005, the Texas Court of Criminal Appeals

dismissed petitioner's second application for state habeas relief.  Ex parte Garcia,

App. No. WR-59,629-02, at cover.  Thus, petitioner had until December 18, 2005,

which was 305 days after the court's denial of his application, plus the 60 days in

between the court's denial of his first application and petitioner filing a second

application, in which to file a federal petition for habeas relief before the AEDPA

limitations period expired.  Petitioner did not file his federal petition until April 26,

2006, some 130 days after the expiration of the limitations period.  (D.E. 1).

Petitioner submitted a letter from the Texas Court of Criminal Appeals dated

January 13, 2006, informing him that his application had been dismissed as a

subsequent application on February 16, 2005.  (D.E. 24, at 4).  Petitioner contends

that the limitations period should be tolled because he did not know of the denial

before the letter dated January 13, 2006.  (D.E. 25, at 2).  The Fifth Circuit has

rejected a petitioner's argument that the limitations period should be tolled because

he did not receive a notice, stating that "[e]quitable tolling is warranted ... only in

situations 'where the plaintiff is actively misled by the defendant ... or is prevented

in some extraordinary way from asserting his rights.'"  Cousin, 310 F.3d at 848

(citation omitted).  The Fifth Circuit does not consider a failure of notice to be a

rare and exceptional circumstance that warrants equitable tolling because the petitioner has not been deceived by the court, nor has any part impeded his attempts to obtain habeas relief.  Id.

It is respectfully recommended that petitioner failed to file his petition for federal relief within AEDPA's limitations period.  It is further respectfully recommended that petitioner has failed to demonstrate that he is entitled to equitable tolling of the limitations period, and thus, that his claims are time barred.

## VI.  STANDARD OF REVIEW

### A.      Federal Habeas Corpus Standard of Review Pursuant to the AEDPA.

A federal writ of habeas corpus is available to a state prisoner only if he is being held in violation of the Constitution, laws, or treaties of the United States. Boyd v. Scott, 45 F.3d 876, 881 (5th Cir. 1994) (per curiam).  Pursuant to AEDPA, "federal habeas relief is only merited where the state court decision is both incorrect *and* objectively unreasonable."  Morrow v. Dretke, 367 F.3d 309, 313 (5th Cir. 2004) (emphasis in original) (citing Williams v. Taylor, 529 U.S. 362, 411 (2000)); 28 U.S.C. § 2254(d)(1); see also Riddle v. Cockrell, 288 F.3d 713, 716 (5th cir. 2002).  The AEDPA's provisions "ensure that state-court convictions are given effect to the extent possible under law."  Bell v. Cone, 535 U.S. 685, 693 (2002) (citation omitted).

The Supreme Court has concluded that the "contrary to" and "unreasonable application" clauses of 28 U.S.C. § 2254(d)(1) have independent meanings.  Id. at 694 (citing Williams, 529 U.S. at 404-05).  The Bell Court explained:

> A federal court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts.  The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in *Williams* that an unreasonable application is different from an incorrect one.

Id. (citations omitted).

The Fifth Circuit has held that federal courts may not grant a writ of habeas corpus merely on the finding of an error by a state court, but rather only where a "state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme] Court on a set of materially indistinguishable facts."  Hill v. Johnson, 210 F.3d 481, 485 (5th Cir. 2000) (citation omitted).  A federal habeas court is to review only a state court's decision, and not the written opinion explaining its decision.  Anderson v. Johnson, 338 F.3d 382, 390 (5th Cir. 2003).  The state

court's "ultimate decision" is to be tested for reasonableness, "not every jot of its reasoning." Santellan v. Cockrell, 271 F.3d 190, 193 (5th Cir. 2001). Furthermore, a state court need not cite, or "even be aware of [Supreme Court] precedents, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" Mitchell v. Esparza, 540 U.S. 12, 16 (2003) (quoting Early v. Packer, 537 U.S. 3, 8 (2002)).

Absent a direct conflict with Supreme Court authority, habeas relief is only available if a state court decision is unreasonable. Montoya v. Johnson, 226 F.3d 399, 404 (5th Cir. 2000). A federal district court "must reverse when [the court] conclude[s] that the state court decision applies the correct legal rule to a given set of facts in a manner that is so patently incorrect as to be 'unreasonable.'" Gardner v. Johnson, 247 F.3d 551, 560 (5th Cir. 2001). The focus of the "unreasonable application" test of § 2254(d) is "on the ultimate legal conclusion that the state court reached and not on whether the state court considered and discussed every angle of evidence." Neal v. Puckett, 286 F.3d 230, 246 (5th Cir. 2002) (en banc) (per curiam).

Finally, "[t]he AEDPA requires that [this Court] presume[s] correct the state court's findings of fact unless the petitioner 'rebut[s] the presumption of correctness by clear and convincing evidence.'" Morrow, 367 F.3d at 315 (quoting

14

28 U.S.C. § 2254(e)(1)); see also Jackson v. Johnson, 150 F.3d 520, 524 (5th Cir. 1998). The presumption of correctness is accorded to adjudications made by a state court during review of a petitioner's state petition for habeas corpus relief. See Morrow, 367 F.3d at 315. The burden to rebut the presumption of correctness remains on petitioner even if the state "hearing was a 'paper' hearing and may not have been full or fair." Id. (citing Valdez v. Cockrell, 274 F.3d 941, 950-51 (5th Cir. 2001)). The presumption of correctness also applies to mixed questions of law and fact. Valdez, 274 F.3d at 948 n.11 ("The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact.") (citations omitted). Findings of fact may be implied from conclusions of law. See Goodwin v. Johnson, 132 F.3d 162, 183-84 (5th Cir. 1997).

**B.      Motion for Summary Judgment Standard of Review.**

Rule 56 of the Federal Rules of Civil Procedure applies to federal habeas corpus cases. Clark v. Johnson, 202 F.3d 760, 764 (5th Cir. 2000). Summary judgment is appropriate when there is no disputed issue of material fact, and one party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A court must consider the record as a whole by reviewing all pleadings, depositions, affidavits, and admissions on file, and by drawing all reasonable inferences in

15

favor of the party opposing the motion.  Caboni v. Gen. Motors Corp., 278 F.3d

448, 451 (5th Cir. 2002).

The party seeking summary judgment bears the initial burden of informing

the court of the basis for its motion and identifying those portions of the pleadings,

depositions, answers to interrogatories, admissions on file, and affidavits, if any,

which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Williams v. Adams, 836 F.2d

958, 960 (5th Cir. 1988).  The controverted evidence must be viewed in the light

most favorable to the non-movant, and all reasonable doubts must be resolved

against the moving party.  Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990).

If the moving party makes the required showing, then the burden shifts to

the non-movant to show that summary judgment is not appropriate.  Matsushita

Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fields v. City of

S. Houston, 922 F.2d 1183, 1187 (5th Cir. 1991).  The non-movant cannot rest on

the mere allegations of the pleadings to sustain his burden, but must set forth

material controverted facts in the response to the motion for summary judgment.

Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49

(1986).  Summary judgment is proper if the non-movant fails to make a showing

sufficient to establish the existence of an element essential to his case on which he

16

bears the burden of proof.  <u>ContiCommodity Servs., Inc. v. Ragan</u>, 63 F.3d 438,

441 (5th Cir. 1995); <u>Celotex</u>, 477 U.S. at 322-23.

## VII.  DISCUSSION

### A.    Petitioner's Claim That He Was Improperly Coerced To Waive His Right to An Appeal.

Petitioner claims that his due process rights were violated because "the trial

judge impermissibly participated in the [sentencing agreement] by forcing

petitioner to waive his appeal."  (D.E. 2, at 13).  He claims that "the trial judge, in

essence, threatened Petitioner into signing away his right to appeal" by warning

petitioner that he could receive a life sentence.  <u>Id.</u> at 14.  As discussed above,

petitioner failed to comply with the AEDPA limitations period, and thus, his claims

are time barred.  However, even if petitioner's claim regarding the waiver of appeal

were not time barred, it is without merit.

### 1.    Application of the AEDPA's Deference.

The Texas courts have already considered and rejected petitioner's claim

that he was improperly denied his right to an appeal.  <u>Ex parte Garcia</u>, App. No.

WR-59,629-01, at cover.  The claim regarding denial of appeal that he is pursuing

in this petition was raised in his first state habeas corpus application.  <u>Id.</u> at 2-14.

The Texas Court of Criminal Appeals denied his application without written order

based on the findings of the trial court.  <u>Id.</u> at cover.  This denial of petitioner's

application, even though it does not contain a written opinion, is not silent or ambiguous.  See Ex parte Torres, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (holding a "denial" signifies an adjudication on the merits).  It is a decision on the merits and is entitled to the AEDPA's deference.  28 U.S.C. § 2254(d); see also Neal, 239 F.3d at 686 (in the context of federal habeas proceedings, "adjudication 'on the merits' is a term of art that refers to whether a court's disposition of the case was substantive").

Thus, deference to the state court decision is mandated by § 2254(d).  See Morrow, 367 F.3d at 313.  Petitioner is not entitled to federal habeas relief unless he can demonstrate that the state court's adjudication of his claim regarding waiver of appeal was "contrary to, or involved an unreasonable application, of clearly established federal law" or was "based on an unreasonable determination of the facts."  28 U.S.C. § 2254(d).

2.    Standard of Review.

The Supreme Court has stated that "it is well settled that there is no constitutional right to an appeal."  Abney v. United States, 431 U.S. 651, 656 (1977); accord United States v. Pajooh, 143 F.3d 203, 204 (5th Cir. 1998).  The Abney Court explained that the right to appeal is a statutory right.  Abney, 431 U.S. at 656; accord Pajooh, 143 F.3d at 204.  The Fifth Circuit has elaborated on a

defendant's ability to waive the right to appeal:

> The right to appeal is a statutory right, not a
> constitutional right.  The Supreme Court has repeatedly
> recognized that a defendant may waive constitutional
> rights as part of a plea bargaining agreement.  It follows
> that a defendant may also waive statutory rights,
> including the right to appeal.  We so held in *United
> States v. Sierra*,... in which the defendant waived the
> right to appeal her sentence in exchange for a limitation
> on her maximum term of imprisonment.  Several circuits
> similarly have enforced such waivers.

United States v. Melancon, 972 F.2d 566, 567 (5th Cir. 1992) (internal citations

omitted).  The Fifth Circuit has stated that "[t]o be valid, a defendant's waiver of

his right to appeal must be informed and voluntary.  A defendant must know that

he had a 'right to appeal his sentence and that he was giving up that right.'"  United

States v. Portillo, 18 F.3d 290, 292 (5th Cir. 1994) (citation omitted); see also

Melancon, 972 F.2d at 567.

Texas allows a criminal defendant the right to appeal pursuant to Texas

Code of Criminal Procedure article 44.02.  However, Texas law also establishes

that "[t]he defendant in a criminal prosecution for any offense may waive any

rights secured him by law...."  Tex. Code Crim. Proc. art. 1.14(a) (Vernon supp.

2004); see also Ex parte Tabor, 565 S.W.2d 945, 946 (Tex. Crim. App. 1978) (en

banc).  The Texas Court of Criminal Appeals has held that "a valid waiver of

appeal is binding on the defendant and prevents him from appealing any issue

19

without the consent of the trial court." Monreal v. State, 99 S.W.3d 615, 616-17 (Tex. Crim. App. 2003) (en banc) (citation omitted).

In Blanco v. State, 18 S.W. 3d 218 (Tex. Crim. App. 2000) (en banc), the defendant waived his right to appeal as part of an agreement for the prosecution to recommend a lighter sentence. Id. at 219. The Texas Court of Criminal Appeals upheld the waiver and dismissed his appeal, stating that "[t]here is no valid reason why appellant should not be held to his bargain." Id. at 220. The court's decision was intended to "advance[] valid and important public policy concerns of moving cases through the system with benefits to both defendants and the general public." Id. (citing Mabry v. Johnson, 467 U.S. 504 (1984); Santobello v. New York, 404 U.S. 257 (1971)).

The Fifth Circuit has expressed that "[t]he state court's finding of waiver is a factual finding, subject to a presumption of correctness under 28 U.S.C. § 2254(d)." Childs v. Collins, 995 F.2d 67, 69 (5th Cir. 1993) (citation omitted).

### 3.  Petitioner's Claim Regarding His Right to Appeal Is Without Merit.

Petitioner claims that his due process rights were violated because "the trial judge impermissibly participated in the [sentencing agreement] by forcing petitioner to waive his appeal." (D.E. 2, at 13). He claims that "the trial judge, in essence, threatened Petitioner into signing away his right to appeal" by warning

petitioner that he could receive a life sentence.  Id. at 14.  The record does not support petitioner's contentions.

Petitioner elected to have the judge, not the jury, assess punishment.  Ex parte Garcia. App. No. WR-59,629-01, at 53.  Petitioner was aware that due to his prior convictions, to which he pleaded true, he was eligible for up to a life sentence.  See id.  There is no indication that any communication the judge had with the jurors improperly influenced the judge's sentencing decision.  The judge, in order to preserve judicial resources, advised petitioner of his right to bargain for a lesser sentence in exchange for a waiver of his right to appeal.  See 4 R.R. 391. In exchange for the waiver of his right to appeal, petitioner received a lesser sentence.  See id. at 392-94.  Petitioner was advised by the judge precisely what right he was waiving, and in addition, signed a written waiver of appeal.  See State of Texas v. Garcia, Clerk's Record, at 48.  In addition, at the time of the waiver, petitioner knew what his sentence might be and knew of any errors that might have occurred during the proceedings.  He had the option to take the sentence the judge gave him and then pursue an appeal, but instead, chose to bargain for a lesser sentence.  4 R.R. 390-91.

Clearly, petitioner was informed that he had the right to appeal.  The record does not support petitioner's contention that the waiver of his appeal was not

voluntary.  Furthermore, he has presented no facts to overcome the presumption of correctness to which the state court's findings are entitled.  Thus, it is respectfully recommended that petitioner's claim that the trial judge unduly coerced him to waive his right to appeal by threatening him with a life sentence is without merit.

**B.    Petitioner's Claims of Ineffective Assistance of Counsel.**

**1.    Petitioner's Claims of Ineffective Assistance of Counsel Are Procedurally Defaulted and Time Barred.**

Petitioner failed to raise his claims of ineffective assistance of counsel in his first state application for habeas relief.  Therefore, as discussed above, his claims of ineffective assistance of counsel are procedurally defaulted, and are also time barred, and petitioner is not entitled to federal habeas corpus relief.  However, even if petitioner's claims of ineffective assistance of counsel were not procedurally defaulted and time barred, his claims are without merit.

**2.    Standard of Review Pursuant to <u>Strickland v. Washington</u>.**

To prevail on a claim of ineffective assistance of counsel, a state prisoner seeking federal habeas corpus relief bears the burden of showing that: (1) counsel's performance was deficient, and (2) that the deficient performance resulted in actual prejudice.  <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984).  In order to show counsel's performance was deficient, petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the

defendant by the Sixth Amendment."  Id.  He must demonstrate that counsel's representation fell below an objective standard of reasonableness as measured by prevailing professional standards.  See Little v. Johnson, 162 F.3d 855, 860 (5th Cir. 1998).

Counsel's challenged conduct should be evaluated from the perspective of counsel at the time the conduct occurred.  Strickland, 466 U.S. at 690.  Due to the difficulties inherent in engaging in this analysis without being tainted by "the distorting effects of hindsight," a court's review should be highly deferential to counsel.  Id. at 689.  The reviewing court must give great deference to counsel's performance, strongly presuming that counsel has exercised reasonable professional judgment.  Id. at 690; see also Romero v. Lynaugh, 884 F.2d 871, 876 (5th Cir. 1989) (there is a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance).

The Fifth Circuit has explained that due to "the almost infinite variety of possible trial techniques and tactics available to counsel, this Circuit is careful not to second guess legitimate strategic choices."  Yohey v. Collins, 985 F.2d 222, 228 (5th Cir. 1993).  In addition, "[a] conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious

unfairness." Johnson v. Dretke, 394 F.3d 332, 337 (5th Cir. 2004) (citations omitted).  However, a reviewing court need not consider the deficiency prong if it concludes that petitioner has failed to show actual prejudice.  Strickland, 466 U.S. at 697; Amos v. Scott, 61 F.3d 333, 348 (5th Cir. 1995).

Under the second prong of the Strickland two-part test, petitioner may not simply allege, but must affirmatively prove actual prejudice, resulting from the ineffective assistance of counsel.  Strickland, 466 U.S. at 693.  Thus, he must affirmatively show that his counsel's actions deprived him of a fair trial.  See Czere v. Butler, 833 F.2d 59, 63-64 (5th Cir. 1987).  Prejudice results when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different."  Strickland, 466 U.S. at 694; see also Lockhart v. Fretwell, 506 U.S. 364, 372 (1993) (habeas petitioner must show that the trial result was unreliable, or the proceeding was fundamentally unfair due to counsel's deficient performance).

Petitioner has the burden of proof under the Strickland test.  See Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997) (holding burden of proof is on petitioner in a federal habeas proceeding).  He must establish "actual prejudice as a result of his counsel's ineffectiveness."  Moody v. Johnson, 139 F.3d 477, 482 (5th Cir. 1998) (citations omitted).  In addition, conclusory allegations of ineffective

24

assistance of counsel do not give rise to a constitutional claim for federal habeas

relief.  See Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000) ("Because

[petitioner] failed to set forth the nature of *any* of the errors trial counsel

purportedly failed to preserve and did not assert any resulting prejudice, the district

court properly determined that these three claims of ineffective assistance were

conclusory.").  The Fifth Circuit has further held that "'[i]n the absence of a

specific showing of how these alleged errors and omissions were constitutionally

deficient, and how they prejudiced [petitioner], ... we [can find] no merit to

[petitioner's] claims." Id. (quoting Barnard v. Collins, 958 F.2d 634, 642 (5th Cir.

1992)).

### 3.    Petitioner's Claims of Ineffective Assistance of Counsel Are Waived or Without Merit.

#### a.    Petitioner's Claim That Counsel Failed To Request an "Accomplice Instruction" Is Waived.

Petitioner claims that his counsel failed "to request an accomplice

instruction regarding the testimony of Joe Deluna."  (D.E. 2, at 7).  He relies on

state law to support his claim:

> Texas Code of Criminal Procedure Article 38.14
> mandates that:
>
> "A conviction cannot be had upon the testimony of an
> accomplice witness unless corroborated by other
> evidence tending to connect the defendant with the

25

> offense committed; and the corroboration is not sufficient
> if it merely shows the commission of the offense."
>
> ***
>
> By Mr. Deluna's testimony, he has insinuated himself in
> the crime for which Petitioner is charged.  The prosecutor
> stated at trial that "Deluna was the only person that can
> put him [Petitioner] inside the house."  Thus, there is no
> corroboration to the accomplice witness testimony.
> Therefore, counsel was ineffective for failing to protect
> petitioner's rights regarding this issue.

Id. at 8.  The Fifth Circuit has held "that an ineffective assistance of counsel

argument survives a waiver of appeal only when the claimed assistance directly

affected the validity of that waiver or the plea itself."  United States v. White, 307

F.3d 336, 343 (5th Cir. 2002).  It is respectfully recommended that petitioner's

claim that he received ineffective assistance of counsel because counsel failed to

request an accomplice instruction has been waived by the informed and voluntary

waiver he signed.

### b.    Petitioner's Claim That Counsel Failed to Object to Prosecutorial Misconduct Is Waived.

Petitioner claims that his counsel failed "to protect Petitioner from the

prosecutor's unconstitutional arguments at closing of the guilt/innocence phase of

the trial."  (D.E. 2, at 7).  He asserts that "[t]he prosecutor, in essence, called

petitioner's counsel a liar and made referrence [sic] to his integrity.  Further, the

26

prosecutor argued evidence not in the record." <u>Id.</u> at 9.  In <u>White</u>, the Fifth Circuit has held such a claim fails except when the claim is directly related to the waiver of an appeal.  <u>See</u> 307 F.3d at 343.  It is respectfully recommended that petitioner's claim that he received ineffective assistance of counsel because counsel failed to object to prosecutorial misconduct has been waived by the informed and voluntary waiver he signed.

### c.   Petitioner's Claim That Counsel Failed to Preserve His Right to Appeal Is Without Merit.

Petitioner claims that his counsel failed "to protect Petitioner from unconstitutional interference at the punishment hearing."  (D.E. 2, at 7).  He asserts that "counsel allowed the trial court to railroad Petitioner into a plea agreement that waived a fundamental, constitutional right to appeal." <u>Id.</u> at 11.  While petitioner waived his other ineffective assistance of counsel claims by his waiver of appeal, the Fifth Circuit has held that ineffective assistance of counsel claims relating to the validity of the waiver itself survive.  <u>See</u> <u>White</u>, 307 F.3d at 343.

The record, however, does not support petitioner's argument.  His waiver of his right to appeal was informed and voluntary.  There is no indication that petitioner's counsel acted improperly by allowing petitioner to bargain for a much lesser sentence in exchange for a waiver of petitioner's right to appeal.  If anything, counsel's assistance in bargaining with the state helped petitioner secure a lesser

27

sentence.  Thus, petitioner has wholly failed to demonstrate that his counsel's performance was deficient, or that his counsel's actions caused him actual prejudice.

It is respectfully recommended that petitioner's claim that he received ineffective assistance of counsel because counsel failed to preserve his right to appeal is without merit.

## C.   Petitioner's Claim of Prosecutorial Misconduct Is Procedurally Defaulted, Time Barred, and Waived.

Petitioner failed to raise his claim of prosecutorial misconduct in his first application for state habeas relief.  Therefore, as discussed above, this claim is procedurally defaulted, and is also time barred, and petitioner is not entitled to federal habeas corpus relief on this claim.  However, even if petitioner's claim of prosecutorial misconduct were not procedurally defaulted and time barred, his claim is waived.

Petitioner claims that his "due process rights were violated where the prosecutor made personal comments about the petitioner and his defense counsel." (D.E. 2, at 12).  He asserts that:

> The prosecutor, in closing argument, suggested that counsel for the defense acted with impropriety when he advised Mr. Deluna that he could have counsel and that he did not have to testify.  The implication before the jury was that Petitioner did not want Mr. Deluna to

28

> testify because he had something to hide, thus counsel
> was attempting to persuade Mr. Deluna to "lie by
> omission."  Additionally, the prosecutor violated
> Petitioner's due process where she stated that "[M]y
> argument to you is the reason why that evidence came
> out from Joe Deluna of not to testify, plead the fifth, you
> don't have to be on the stand and you can leave is
> because they didn't want him here.  They did not want
> him to testify and they didn't want you to hear his story."

Id. at 13.  Petitioner claims that the prosecutor's argument impermissibly shifted

the burden of proof, requiring the jury to draw an inference "from a party's failure

to utilize a witness," and that the argument inappropriately revealed the

prosecutor's personal opinion of petitioner's veracity.  Id.

Petitioner signed a valid waiver of his right to appeal in exchange for a

lesser sentence.  Thus, all claims that do not directly relate to the waiver do not

survive the waiver.  See White, 307 F.3d at 343-44 ("We ask whether the plea or

waiver itself was knowing and voluntary, and whether the issue challenged on

appeal may properly be the subject of waiver.  If the answer to both questions is

'yes,' then the guilty plea sustains the conviction and sentence and the waiver can

be enforced.").

It is respectfully recommended that petitioner's claim of prosecutorial

conduct is waived.

## VIII.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Fifth Circuit from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Although petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability.  See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may sua sponte rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims as

30

debatable or wrong." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  This standard requires a § 2254 petitioner to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further.  <u>United States v. Jones</u>, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon <u>Slack</u>, 529 U.S. at 483).

As to claims that a district court rejects solely on procedural grounds, a petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  <u>Slack</u>, 529 U.S. at 484 (emphasis added).

Here, it is respectfully recommended that reasonable jurists could not debate the denial of petitioner's § 2254 petition on substantive or procedural grounds nor find that the issues presented are adequate to deserve encouragement to proceed. <u>Miller-El</u>, 537 U.S. at 327 (citing <u>Slack</u>, 529 U.S. at 484).  Accordingly, it is respectfully recommended that the Court find that petitioner is not entitled to a certificate of appealability as to his claims.

## IX.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that respondent's motion for summary judgment, (D.E. 21), be granted, and that petitioner's petition

for writ of habeas corpus be dismissed with prejudice.  It is further respectfully

recommended that petitioner be denied a certificate of appealability.

Respectfully submitted this 6th day of March 2007.

_____

BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 8(b) of the Rules Governing § 2254 Cases; Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).